IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JARROD RATHBUN, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>WAL-MART STORES, INC., )<br>)<br>   Defendant. )<br>_____) | Case No.: 10-1271-JAR-JPO |

**COMPLAINT**

COMES NOW the plaintiff, and for his cause of action against the defendant, alleges and states as follows:

**The Parties**

1. The plaintiff is a resident of Ellsworth County, Kansas. He is a qualified individual with a disability under the terms of the Americans with Disabilities Act.

2. The defendant is a foreign corporation which has been authorized to transact business under the laws of the state of Kansas. The defendant may be served with process by service upon its resident agent, The Corporation Company, Inc., 515 S. Kansas Avenue, Topeka, KS 66603.

**Jurisdiction and Venue**

3.  This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101, et seq. and the Kansas Act Against Discrimination K.S.A. 44-1009 8(E)(F) ("KAAD"). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for illegal discrimination in employment.

4.  The plaintiff has fully complied with all prerequisites to the jurisdiction of this Court under the ADA. A charge of employment discrimination on the basis of disability was filed within 180 days of the commission of the unlawful employment practice alleged herein. The United States Equal Employment Opportunity Commission issued a Notice of Right to Sue letter to the plaintiff. The plaintiff has exhausted all administrative remedies available to the plaintiff under the KAAD. This action has been filed within ninety (90) days of the EEOC's Notification of Right to Sue.

5.  Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district.

**Basis of the Claim**

6.  On or about the 13th day of April, 2009, Jarrod Rathbun began work at the defendant's Great Bend, Kansas, store. When he applied for the job, Jarrod did not reveal

2

that he was a high functioning autistic with Attention Deficit Hyperactivity Disorder (ADHD). After several months on the job, he began to become concerned that his disabilities might put his job in jeopardy.

7. Accordingly, on July 3, 2009, Jarrod's parents wrote a letter to WalMart store management and advised them that Jarrod was ADHD and that he had high functioning autism. They asked that store management read materials they had provided that explained his ADHD and autism and asked them to provide the coaching, guidance and assistance Jarrod would need to be successful on the job.

8. On December 20, 2009, Jarrod went to work on the 10 p.m. shift. During his break, he purchased a food item to eat, and a friend happened to be following him in the check out line. Jarrod paid for his food and presented his 10% discount card so that his friend could get a 40 cent discount on an item the friend was purchasing. The cashier told Jarrod that he could not do that and that he could get fired for it. Jarrod responded that he honestly did not know that was the case and asked her to void the purchase, which she declined to do.

9. Later that evening, Jarrod was fired for the incident. The manager told him that his use of the discount card was stealing and that the use of the discount card had been explained in the handbook. He further told Jarrod that he would never be able to work for WalMart again.

10. The next day Jarrod spoke with the General Manager and explained that his ADHD/autism made it extremely difficult for him to learn/remember rules by reading only. Jarrod asked that he be given another chance and that someone explain the rules to him.

11. Jarrod's father also called the General Manager and reminded him of Jarrod's disability and asked why their earlier request for coaching for Jarrod had apparently been ignored. The General Manager told Jarrod's father that they could not treat Jarrod any differently simply because he had a disability. Jarrod's father also asked if Jarrod could be allowed to resign rather than being terminated, which request was denied.

12. The defendant failed to attempt to make reasonable accommodations to a known disability. The accommodations sought by Jarrod would not have worked an undue hardship on the business. Reasonable accommodations would have allowed him to perform the essential functions of his job.

13. As a result of the defendant's conduct, the plaintiff has suffered, and continues to suffer, damages. The plaintiff hereby seeks damages for back pay, front pay, compensatory and punitive damages as well as his attorneys' fees and litigation costs.

WHEREFORE the plaintiff prays for a judgment on his claims in excess of $75,000, plus his costs, attorney fees, and any further relief this Court would deem just or equitable.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC
8301 E. 21st Street N., Suite 450
Wichita, KS 67206-2936
Telephone: 316-262-4000
Fax: 316-265-3819
Email: randy@depewgillen.com


s/Randall K. Rathbun
Randall K. Rathbun #09765
*Attorneys for Plaintiff*


### DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff and designates Wichita, Kansas, as the place of the trial of this action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC


s/Randall K. Rathbun
Randall K. Rathbun #09765
*Attorneys for Plaintiff*

## REQUEST FOR JURY TRIAL

COMES NOW the plaintiff and respectfully requests a trial by jury with regard to the above-captioned action.

Respectfully submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC


s/Randall K. Rathbun
Randall K. Rathbun, #09765
*Attorneys for Plaintiff*